# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

TROY DARNELL ANDERSON,

Defendant-Appellant.

UNPUBLISHED
April 25, 2017

No. 329983
Macomb Circuit Court
LC No. 2015-000469-FH

Before: MURPHY, P.J., and MURRAY and M. J. KELLY, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial conviction of unlawfully driving away of an automobile (UDAA), MCL 750.413. Defendant was sentenced to 40 to 60 months' imprisonment. We affirm.

## I. CONVICTION

Defendant first argues on appeal that the prosecution did not present sufficient evidence to sustain his UDAA conviction. Challenges to the sufficiency of the evidence are reviewed de novo. *People v McGhee*, 268 Mich App 600, 622; 709 NW2d 595 (2005). This Court should review evidence "in the light most favorable to the prosecutor and determine whether a rational trier of fact could find the defendant guilty beyond a reasonable doubt." *People v Bailey*, 310 Mich App 703, 713; 873 NW2d 855 (2015) (quotations marks and citations omitted). " 'The standard of review is deferential: a reviewing court is required to draw all reasonable inferences and make credibility choices in support of the verdict.' " *Bailey*, 310 Mich App at 713, quoting *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000). A "prosecutor is not obligated to disprove every reasonable theory consistent with innocence to discharge its responsibility; it need only convince the jury in the face of whatever contradictory evidence the defendant may provide." *Bailey*, 310 Mich App at 713 (quotation marks and citations omitted). "Further, [c]ircumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime." *Bailey*, 310 Mich App at 713 (quotation marks and citations omitted; alteration in original). "This Court will not interfere with the trier of fact's determinations regarding the weight of the evidence or the credibility of witnesses." *People v Stevens*, 306 Mich App 620, 628; 858 NW2d 98 (2014).

MCL 750.413 provides that "[a]ny person who shall, willfully and without authority, take possession of and drive or take away, and any person who shall assist in or be a party to such

taking possession, driving or taking away of any motor vehicle, belonging to another, shall be guilty of a felony[.]" Thus, in order to prove a defendant guilty beyond a reasonable doubt of UDAA, the prosecution must prove that a defendant "[drove] or [took] away a motor vehicle" without authority, or assisted another in driving or taking away a motor vehicle without authority. *People v Cain*, 495 Mich 874 (2013). See also *People v Hendricks*, 200 Mich App 68, 71; 503 NW2d 689 (1993), aff'd 446 Mich 435 (1994) (citation omitted), which defines the elements of UDAA as "(1) possession of a vehicle, (2) driving the vehicle away, (3) that the act is done willfully, and (4) the possession and driving away must be done without authority or permission."

Defendant was convicted of UDAA under an aiding and abetting theory. "The general rule is that, to convict a defendant of aiding and abetting a crime, a prosecutor must establish that (1) the crime charged was committed by the defendant or some third person; (2) the defendant performed acts or gave encouragement that assisted the commission of the crime; and (3) the defendant intended the commission of the crime or had knowledge that the principal intended its commission at the time that the defendant gave aid and encouragement." *People v Pinkney*, 316 Mich App 450, 471; ___ NW2d ___ (2016) (quotation marks and citations omitted; alteration in original).

On appeal defendant first argues that the prosecution failed to prove an essential element of the crime, specifically, that the prosecution failed to prove Lee was the rightful owner of the Caprice at the time it was stolen. Thus, defendant argues, because the rightful owner of the Caprice did not testify that the Caprice was taken or driven away without authority, there was insufficient evidence to support his conviction. Defendant's argument, however, fails.

At trial, evidence was presented that Lee purchased the Caprice in October 2014, for Casey Shaleely, the son of a close friend. Although the original title listed Lee as the owner, the title was transferred to Shaleely. Lee also wrote up a bill of sale and a contract for payments. In November 2014, Shaleely lost his job and was no longer able to make payments, so Shaleely relinquished the vehicle back to Lee. In the first week of December 2014, Lee actively began trying to sell the vehicle, listing it on Craigslist.com, and placing it outside of his business, close to a major road, with a "For Sale" sign visible in the window. When this timeline is viewed in the light most favorable to the prosecution, there is sufficient evidence for a rational juror to have found that Lee had exclusive use of the Caprice for more than 30 days, thus qualifying him as an "owner" under MCL 257.37, which provides, in pertinent part, that an "owner" of a motor vehicle is

> (a) Any person, firm, association, or corporation renting a motor vehicle or having the exclusive use thereof, under a lease or otherwise, for a period that is greater than 30 days.

> (b) Except as otherwise provided in section 401a, a person who holds the legal title of a vehicle.

Accordingly, when the vehicle was taken, without Lee's permission, it was taken without authority. *Cain*, 495 Mich at 874.

Defendant next argues that there was insufficient evidence to support his UDAA conviction because the "only viable evidence" of this crime pointed solely to Burton-Scott, and that defendant's mere presence at the time Burton-Scott was arrested is insufficient to convict him of UDAA under a theory of aiding and abetting. Defendant specifically notes that his fingerprints were not found on any evidence, and that the cellular telephone was not linked to him in any way. Defendant correctly states that "[m]ere presence, even with knowledge that an offense is about to be committed or is being committed, is insufficient to show that a person is an aider and abettor." *People v Wilson*, 196 Mich App 604, 614; 493 NW2d 471 (1992). However, any advice, aid, or encouragement, however slight, is sufficient to establish guilt under a theory of aiding and abetting. *People v Washburn*, 285 Mich 119, 126; 280 NW 132 (1938). "An actor's intent may be inferred from all of the facts and circumstances, and because of the difficulty of proving an actor's state of mind, minimal circumstantial evidence is sufficient." *People v Fetterley*, 229 Mich App 511, 517-518; 583 NW2d 199 (1998) (citation omitted).

However, defendant's argument still fails. The prosecution presented evidence that Lee had been communicating via text message with an individual who was interested in seeing the Caprice. Lee had provided the individual with the cross-streets and the exact address where he was keeping the Caprice. After the Caprice was taken, Lee provided the Shelby Township police with the phone number of the individual with whom he had been communicating. After defendant had been removed from the Escort, which he had been driving, a cellular telephone was found on the driver's seat, face up. When the Shelby Township police dispatch called the phone number Lee had provided, the cellular telephone rang and lit up with the Shelby Township police department's phone number displayed on the caller identification. Thus, when all the facts are viewed in a light most favorable to the prosecution, sufficient circumstantial evidence was presented from which a rational juror could find that the cellular telephone left on the driver's seat of the Escort belonged to defendant. Further, because the cellular telephone rang when the Shelby Township police called the number Lee had provided, a rational juror could infer that defendant had been the individual who was communicating via text message with Lee about the Caprice, and through these communications, knew where the Caprice was located. Additionally, based on the security camera footage which showed two individuals entering the Caprice, a rational juror could have inferred that defendant had either assisted Burton-Scott in taking the Caprice from 37500 Van Dyke Road or, in the alternative, based on the fact that codefendant had run to the Escort which was parked in the CVS parking lot, defendant had been waiting for him. Either way, sufficient circumstantial evidence was presented for a rational juror to have found defendant guilty of UDAA based on an aiding and abetting theory. See *People v Allen*, 201 Mich App 98, 100; 505 NW2d 869 (1993).[1]

---

[1] *Parker v Renico*, 506 F3d 444 (CA 6, 2007) provides no assistance to defendant, as this case is distinguishable from *Parker*. Here, unlike in *Parker*, there was no car accident to have jumbled passengers and personal items. Therefore, when the cellular telephone was found face up on the driver's seat of the Escort which defendant had been driving, a rational juror could have reasonably inferred that the cellular telephone belonged to defendant.

Thus, defendant's claim that there is insufficient evidence, circumstantial or otherwise, to support his conviction is without merit.

## II. REASONABLENESS OF SENTENCE

Defendant argues that his sentence was both procedurally and substantively unreasonable, and thus, pursuant to *People v Lockridge*, 498 Mich 358, 364-365; 870 NW2d 502 (2015), he is entitled to resentencing.

This Court reviews de novo questions involving interpretation and application of the sentencing guidelines. *People v Francisco*, 474 Mich 82, 85; 711 NW2d 44 (2006). This Court reviews for an abuse of discretion whether a sentence is proportionate. *People v Armisted*, 295 Mich App 32, 51; 811 NW2d 47 (2011).

We initially reject defendant's contention that he was incorrectly sentenced as a fourth habitual offender. Defendant was properly classified as a fourth habitual offender. Defendant had nine prior felony convictions, including two prior convictions for receiving and concealing a stolen motor vehicle, MCL 750.535(7), and a prior conviction for UDAA, MCL 750.413. Accordingly, defendant was properly classified as a fourth habitual offender. MCL 769.12.

Next, defendant contends that, pursuant to *Lockridge*, his sentence should be reviewed for its reasonableness. However, defendant fails to realize that a defendant's sentence will only be reviewed for reasonableness as required by *Lockridge*, and the adoption in *People v Steanhouse*, 313 Mich App 1, 47-48; 880 NW2d 297 (2015), lv gtd 499 Mich 934 (2016), of the principle of proportionality found in *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990), if that defendant was given a sentence that departed from the minimum sentencing guidelines range. See *Lockridge*, 498 Mich at 392, where our Supreme Court held that "[a] sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness," and *Steanhouse*, 313 Mich App at 42, where this Court noted that when a defendant receives an upward sentencing departure, "under *Lockridge*, this Court must review [the] sentence for reasonableness[,]" and that "[t]he appropriate procedure for considering the reasonableness of a departure sentence is not set forth in *Lockridge*." See also *People v Shank*, 313 Mich App 221, 224; 881 NW2d 135 (2015), lv held in abeyance ___ Mich ___; 882 NW2d 528 (2016), where again, this Court acknowledged that a review for reasonableness is applicable only to defendants who receive departure sentences. Here, defendant received a mandatory minimum sentence of 40 months' imprisonment, which was within the 7 to 46 month minimum sentencing guidelines range. Because defendant's minimum sentence falls within the guidelines range, the reasonableness review mandated for departure sentences by *Lockridge* is inapplicable here.

Additionally, defendant fails to acknowledge that MCL 769.34(10) requires that defendant's sentence be affirmed. MCL 769.34(10) states, in relevant part:

> If a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence.

This provision remains valid after *Lockridge*, as explained in *People v Schrauben*, 314 Mich App 181, 196; 886 NW2d 173 (2016) (footnotes omitted):

> [w]hen a trial court does not depart from the recommended minimum sentencing range, the minimum sentence must be affirmed unless there was an error in scoring or the trial court relied on inaccurate information. MCL 769.34(10). Defendant does not dispute that his sentence was within the recommended minimum guidelines range, and he does not argue that the trial court relied on inaccurate information or that there was an error in scoring the guidelines. Therefore, this Court must affirm the sentence.

The same result is required here. Defendant's sentence falls within the guidelines range, and he does not argue there was an error in scoring the guidelines or that the court relied on inaccurate information to determine his sentences. Accordingly, we must affirm defendant's sentence. MCL 769.34(10); *Schrauben*, 314 Mich App at 196.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant filed a Supplemental Standard 4 Appellate Brief, in which he made several claims of ineffective assistance of counsel.

To preserve a claim of ineffective assistance of counsel on appeal, a defendant must move for a new trial, or request a hearing pursuant to *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973), in the trial court. *People v Solloway*, 316 Mich App 174, 188; 891 NW2d 255 (2016), citing *People v Fike*, 228 Mich App 178, 181; 577 NW2d 903 (1998). Defendant did not move for a new trial based on ineffective assistance of counsel, or request a *Ginther* hearing, in the trial court. Accordingly, because no factual record has been created on which this Court may evaluate defendant's claim of ineffective assistance of counsel, this issue is unpreserved. *Solloway*, 316 Mich App at 188; *People v Petri*, 279 Mich App 407, 410; 760 NW2d 882 (2008).

"Whether a defendant has been denied the effective assistance of counsel is a mixed question of fact and constitutional law." *Solloway*, 316 Mich App at 187-188, citing *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). "Generally, a trial court's findings of fact, if any, are reviewed for clear error, and questions of law are reviewed de novo." *Solloway*, 316 Mich App at 188 (citation omitted). However, where no factual record was created in regard to defendant's claim of ineffective assistance of counsel, as is the case here, "this Court's review is limited to mistakes apparent on the lower court record." *Id*. (citation).

"Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *People v Lockett*, 295 Mich App 165, 187; 814 NW2d 295 (2012) (citation omitted). When claiming ineffective assistance of counsel, it is defendant's burden to prove "(1) counsel's performance was deficient, meaning that it fell below an objective standard of reasonableness, and (2) but for counsel's error, there is a reasonable probability that the outcome of the defendant's trial would have been different." *Solloway*, 316 Mich App at 188, citing *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984). A defendant must show that "but for counsel's deficient performance, a different result would have been

reasonably probable." *People v Armstrong*, 490 Mich 281, 290; 806 NW2d 676 (2011), citing *Strickland*, 466 US at 694-696. "[D]efendant has the burden of establishing the factual predicate for his claim of ineffective assistance of counsel[.]" *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999).

Defendant advances several arguments on appeal. Each is addressed in turn. First, defendant argues that defense counsel should have objected to the fact that Shaleely, the titleholder, did not testify at trial. Thus, defendant argues, because Shaleely did not testify that he did not give permission for his vehicle to be driven, the case against defendant would have been dismissed if defense counsel had made the proper objection. Defendant's argument fails, however, because, as discussed above, sufficient evidence was presented to establish that Lee, not Shaleely, was the rightful owner of the Caprice at the time it was taken. Additionally, Lee testified that he did not give anyone permission to take or drive away the Caprice. Thus, to have raised an objection to the fact that Shaleely did not testify would have been futile, and a failure to raise a futile objection does not constitute ineffective assistance of counsel. *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

Defendant next raises three arguments regarding the cellular telephone evidence, and argues that defense counsel was deficient for failing to object to any of it. First, defendant claims that Lee provided a phone number ending in "10," while police records indicate that the phone number actually ended in "12." Second, defendant claims that Lee testified that "he received text messages over two consecutive days, December 26, 2014[,] and December 27, [2014.] The actual police records, however, show that the messages came in on only one day, December 27, 2014." Defendant claims that if defense counsel had cross-examined Lee on these points, his credibility would have been placed at issue. Lastly, defendant argues that the cell phone seized had an international mobile equipment identity (IMEI) number beginning 86588. Despite that, the police swore in an affidavit for a search warrant that they needed the contents of a cell phone with an IMEI number of 86589. Defendant claims that these discrepancies should have been the basis for a motion to suppress, which defense counsel did not file.

Defense counsel did not err by failing to point out the alleged inconsistencies between Lee's testimony and the police records. As an initial matter, we note that the police records are not part of the lower court record on appeal, and thus we cannot review the argument. Nonetheless, it does not appear that the inconsistences noted by defendant are inconsistent statements by Lee. "In examining whether defense counsel's performance fell below an objective standard of reasonableness, a defendant must overcome the strong presumption that counsel's performance was born from a sound trial strategy." *People v Trakhtenberg*, 493 Mich 38, 52; 826 NW2d 136 (2012), citing *Strickland*, 466 US at 689. Defense counsel's failure to explore the purported inconsistencies can only be assumed to have been trial strategy, and defendant has not presented any evidence to suggest otherwise. Accordingly, the argument is without merit.

Defendant also argues that defense counsel failed to move to suppress all cellular telephone evidence on the basis that the incorrect IMEI number was listed on the search warrant application, and that failure resulted in deficient representation. An application for a search warrant may be challenged for inaccurate statements, but the warrant will be valid if other information contained within it establishes probable cause. *People v Poindexter*, 90 Mich App

599, 603; 282 NW2d 411 (1979). The application for the search warrant, as well as the police records, are not included in the lower court record. Therefore, once again, it is difficult to verify whether a discrepancy existed. As a result, defendant has not presented any evidence to overcome his burden of proving that defense counsel's failure to file a motion to suppress the cellular telephone evidence was not sound trial strategy. *Trakhtenberg*, 493 Mich at 52. Further, defendant cannot show that he was prejudiced by defense counsel's failure to file a motion to suppress. *Solloway*, 316 Mich App at 188. Defendant cannot show he was prejudiced at trial because the contents of the cellular telephone purportedly belonging to defendant were never actually admitted at trial. The telephone number that the Shelby Township police called which caused the cellular telephone left on the driver's seat of the Escort to ring was provided by Lee. Additionally, the contents of the text messages between Lee and that phone number were read into evidence by Lee from his own cellular telephone. Further, the photographs of the text messages between Lee and that phone number were taken from Lee's cellular telephone, not the cellular telephone recovered from the Escort. Thus, even if defense counsel should have filed a motion to suppress, defendant cannot show that but for counsel's error a different result would have been reasonably probable, because no evidence recovered from the cellular telephone was used at trial. *Solloway*, 316 Mich App at 188.

Lastly, defendant argues that defense counsel was deficient for failing to challenge the credibility of the security camera footage where there "was a major discrepancy between the testimony of the police as to a suspicious auto at 10:40 p.m., on one hand, and the video showing the vehicle not driving away until 11:30 p.m." According to defendant, defense counsel should have attacked this discrepancy, and his failure to do so resulted in ineffective assistance of counsel. However, both parties at trial called into question the accuracy of the time stamp on the surveillance video. On direct examination, Lee admitted that he did not know if the time stamp was accurate, because he does not maintain the cameras or the video tape. Again, on cross-examination, Lee admitted that he did not know if the time stamp was accurate. Thus, defense counsel did call into question the reliability and credibility of the surveillance video through his cross-examination of Lee.

Affirmed.

/s/ William B. Murphy
/s/ Christopher M. Murray
/s/ Michael J. Kelly